| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>R. JAMES SLAUGHTER - # 192813<br>rslaughter@keker.com<br>ERIC H. MACMICHAEL - # 231697<br>emacmichael@keker.com<br>TRAVIS SILVA - # 295856<br>tsilva@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>VENABLE, LLP<br>WILLIAM M. SLOAN - # 203583<br>wmsloan@venable.com<br>TYLER G. WELTI - # 257993<br>tgwelti@venable.com<br>101 California Street, Suite 3800<br>San Francisco, CA 94111<br>Telephone:   415.653.3750<br>Facsimile:    415.653.3755<br><br>Attorneys FOR PLAINTIFF ATHLETICS INVESTMENT GROUP, LLC | PILLSBURY WINTHROP SHAW PITTMAN LLP<br>RONALD VAN BUSKIRK # 64683<br>ronald.vanbuskirk@pillsburylaw.com<br>MARGARET ROSEGAY # 96963<br>margaret.rosegay@pillsburylaw.com<br>ANDREW D. LANPHERE # 191479<br>andrew.lanphere@pillsburylaw.com<br>STACEY WRIGHT # 233414<br>stacey.wright@pillsburylaw.com<br>Four Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111-5998<br>Telephone: 415.983.1000<br>Facsimile: 415.983.1200<br><br>Attorneys for Defendant SCHNITZER STEEL INDUSTRIES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHLETICS INVESTMENT GROUP, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>SCHNITZER STEEL INDUSTRIES, INC.,<br><br>  Defendant. | Case No. 3:21-cv-05246-MMC<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:      July 19, 2024<br>Time:      10:30 a.m.<br>Dept.:     Courtroom 7 - 19th Floor<br>Judge:     Hon. Maxine M. Chesney<br><br>Date Filed: July 7, 2021<br>Trial Date: Not Yet Set |

On June 7, 2024, the Court held a Status Conference at which it vacated the June 24, 2024 trial date. It set a July 19, 2024 Status Conference to set a new trial date. The parties submit this Joint Status Conference Statement in advance of the July 19, 2024 conference.

### A.     Trial date

<u>Plaintiff's Position</u>:

The parties met and conferred prior to the June 7 status conference and jointly requested that trial be set "for a week-long trial in the weeks of September 30 and or October 7, 2024." Dkt. 200 at 1. At the June 7 Status Conference, the Court stated that its availability in late September and early October depended on whether the trial in *United States v. Huffaker*, No. 3:21-cr-00374-MMC-2 (N.D. Cal., filed Mar. 9, 2021), would move forward, as then scheduled, in mid-September. The parties understand that on June 26, 2024, the Court vacated the *Huffaker* trial and reset it for 2025. *See Huffaker*, No. 3:21-cr-00374-MMC-2 at Dkt. 238.

As the parties previously jointly requested, Plaintiff asks that the Court set a week-long trial during the weeks of September 30 and/or October 7, 2024. *See* Dkt. 200 at 1. During meet and confer, Defendant Schnitzer's counsel changed position and now requests that trial be set (if the Court is available) during the weeks of November 11–22 or December 2–13. There is no need to set the trial date that far out.

Schnitzer's justification for a November or December trial is the unavailability of certain witnesses, but that justification does not hold up to scrutiny. If the Court sets the trial to start the week of September 30, the parties will have more than enough time to complete witness testimony. Schnitzer identified two witnesses who are not available starting October 14, but if the trial begins the week of September 30, there will be no issue finishing by then. Schnitzer identified a third witness who needs to be on the east coast the week of October 7 for a family member's surgery; Plaintiff commits to ensuring that witness testifies the week of September 30. Finally, Schnitzer identified one witness, Ms. Pamela Gray, who is unavailable at any time during the weeks of September 30 or October 7, although part of that unavailability is for "work-related obligations," which are presumably in Schnitzer's control. Ms. Gray is on Plaintiff's witness list (and not Defendant's). Plaintiff anticipates her examination would be complete in well less than

an hour. If she is unable to provide an hour of testimony during the weeks of September 30 or October 7, the parties may be able to reach some other agreement regarding how to present her limited testimony.

<u>Defendant's Position</u>: At a July 8, 2024 meet-and-confer session, Defendant's counsel advised Plaintiff's counsel of the following. First, as directed by the Court at the June 7 conference, counsel inquired further of witnesses regarding availability and conflicts for the weeks of September 30 and October 7, as well as potential dates in November and December, and determined that the weeks of Sept. 30 and Oct. 7 presented conflicts. The first involves an out-of-state rebuttal expert witness (Mr. Carson) who needs to attend spousal surgery on Oct. 11 and provide after-care, and be present at home at least the week of surgery, and preferably the prior week as well. Counsel's proffer to take the witness out of sequence in its case in chief, and before the Defendant's principal expert witness in this area testifies as an essential predicate for Mr. Carson's testimony, is not appropriate. Second, a second witness employed by Schnitzer (Ms. Gray) called by Plaintiff has unavoidable familial obligations the week of September 30 and work-related obligations the week of October 7. Third, two of Defendants' main witnesses, including the client representative for trial, have long-calendared and pre-paid out-of-country travel beginning Oct. 14 and going through Nov. 6, and would not be available at all should there be delay beyond October 11. Ms. Gray also has family travel beginning October 14. In light of these considerations, we advised Plaintiff's counsel that we had obtained commitments for all witnesses for the periods November 11-22 and December 2-13, with flexibility if more time is required. Such periods would avoid all issues noted above.

In addition, at the July 8 meet-and-confer session, Plaintiff suggested re-opening discovery and witness testimony based on the ongoing BAAQMD document production. Among other things, any such re-opening would further complicate the schedule and support trial in November or December.

Finally, Defendant understands that the BAAQMD-related discovery is not complete and there may be still ongoing disputes between Plaintiff and BAAQMD, and a further deposition date has not been scheduled. A trial date in November or December would allow sufficient time

for any disputes to be resolved by the Magistrate.

**B.     Status of discovery into the Air District**

Trial was continued because third party discovery into the Air District remains ongoing. Plaintiff and the Air District submitted a joint discovery letter to Magistrate Judge Ryu on June 26.  Dkt. 210.  The Magistrate Judge issued an interim order on July 3.  Dkt. 211.  That matter remains under submission.

The Magistrate Judge ordered the Air District to sit for a second deposition.  *See* Dkt. 137. Plaintiff and the Air District are meeting and conferring regarding a deposition date.

Dated:  July 12, 2024                                                KEKER, VAN NEST & PETERS LLP

By:  /s/ *R. James Slaughter*
R. JAMES SLAUGHTER
ERIC H. MACMICHAEL
TRAVIS SILVA

Attorneys for Plaintiff ATHLETICS INVESTMENT GROUP, LLC

Dated:  July 12, 2024                                                VENABLE LLP

By:  /s/ *William M. Sloan*
WILLIAM M. SLOAN
TYLER G. WELTI

Attorneys for Plaintiff ATHLETICS INVESTMENT GROUP, LLC

Dated:  July 12, 2024                                                PILLSBURY WINTHROP SHAW PITTMAN LLP

By:  /s/ *Ronald Van Buskirk*
Ronald Van Buskirk
Margaret Rosegay
Andrew D. Lanphere
Stacey Wright

Attorneys for Defendant SCHNITZER STEEL INDUSTRIES, INC.

**CONCURRENCE**

I, R. James Slaughter, am the user whose ID and password are being used to file this JOINT STATUS CONFERENCE STATEMENT. I hereby attest that all parties have concurred in this filing.

Dated: July 12, 2024  /s/ R. James Slaughter
R. JAMES SLAUGHTER

4
JOINT STATUS CONFERENCE STATEMENT
Case No. 3:21-cv-05246-MMC

2735145