UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHLETICS INVESTMENT GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCHNITZER STEEL INDUSTRIES, INC.,<br><br>Defendant. | Case No. 21-cv-05246-MMC (DMR)<br><br>**ORDER ON JOINT DISCOVERY LETTER RE: WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT DOCTRINE**<br><br>Re: Dkt. No. 210 |

Plaintiff Athletics Investment Group, LLC ("AIG") moves for an order finding that third party Bay Area Air Quality Management District ("BAAQMD") waived any claim of privilege over 67 documents because of its untimely assertions of privilege and protection. [Docket Nos. 210, 212.] BAAQMD contends that its actions should not result in a waiver. As part of that argument, it explains that 34 of the 67 disputed documents are "partial (near) duplicates of documents" for which it previously asserted privilege. The court ordered BAAQMD to lodge those 34 documents for in camera review. [Docket Nos. 212, 218, 222.]

This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the court finds that BAAQMD has waived the attorney-client privilege and work product protection with respect to 43 of the 67 documents it withheld from production.

**I.    BACKGROUND**

This is an action brought under the Clean Air Act's ("CAA") citizen suit enforcement provision, 42 U.S.C. § 7604, to challenge Defendant Schnitzer Steel Industries, Inc.'s ("Schnitzer") operations at its metal shredding facility in West Oakland.

The undersigned's May 14, 2024 and May 28, 2024 Orders detail the factual and procedural background for this discovery dispute. [Docket Nos. 157 (May 14, 2024 Order); 173

(May 28, 2024 Order).] In brief, in March 2023 AIG served a subpoena on BAAQMD for production of 17 categories of documents, to which BAAQMD responded in April 2023. In January 2024, following several requests for extensions, BAAQMD produced approximately 5,000 responsive documents and served a privilege log stating that it withheld more than 9,300 documents based on various privileges and confidentiality agreements. This included withholding approximately 9,000 documents based on the deliberative process privilege. BAAQMD also redacted information from over 900 documents on the ground that the information was non-responsive. AIG moved to compel, challenging the sufficiency of BAAQMD's privilege log, its claim of deliberative process privilege, the withholding of documents pursuant to interagency confidentiality agreements, and the redactions for relevance. [*See* Docket No. 103 (Jan. 12, 2024 Jt. Letter).]

Following in camera review of exemplar documents, the court held that "[s]ome but not all of BAAQMD's claims of deliberative process privilege are supported by the record and by the law," concluding that it had established the privilege over approximately one-third of the exemplars. May 14, 2024 Order 2, 6-7. The court ordered BAAQMD to re-review each document withheld based on the deliberative process privilege "using the rulings provided . . . and applying them as guidance across the universe of withheld documents" and to produce documents for which it withdraws its deliberative process privilege claim and provide updated privilege logs by May 21, 2024. *Id*. at 14-15. It also ordered the parties to brief AIG's argument that BAAQMD's claims of the deliberative process privilege should be overridden based on AIG's need for the information. *Id.* at 14. *See F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("[a] litigant may obtain deliberative materials if [their] need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure."). The court later ordered the parties to meet and confer to focus on the district's pre-2020 documents, which AIG identified as key to the claims and defenses at issue, and to use targeted search terms for the remaining documents. The parties subsequently agreed to extend the deadline for the re-review of responsive documents and production of an updated privilege log to June 7, 2024. [Docket Nos. 168, 170.]

On May 28, 2024, the court ruled that "AIG's need for disclosure of the documents withheld based on the deliberative process privilege overrides BAAQMD's interest in confidentiality" with respect to all pre-2020 documents withheld by BAAQMD based on the deliberative process privilege, "as well as withheld documents from 2020 and later that have been or will be identified by the parties via targeted search terms." May 28, 2024 Order 6-7. The court also found that BAAQMD had withdrawn any claim of privilege over documents previously withheld based on interagency agreements under the law enforcement/official information privilege. *Id*. at 8. As a result, it ordered BAAQMD to produce all documents withheld solely on the basis of the law enforcement/official information privilege, as well as all documents withheld on that basis plus the deliberative process privilege where that privilege had been overridden. *Id*. The court noted it was "unclear" if revised privilege logs were necessary in light of its rulings and ordered the parties to meet and confer on the issue. It ordered BAAQMD to produce any revised privilege log by June 7, 2024. *Id*. The parties later agreed to extend that deadline to June 19, 2024. [Docket Nos. 206, 208.]

The parties filed this joint letter brief on June 26, 2024. [Docket No. 210 (Jt. Letter).] According to BAAQMD, in preparing its production of documents withheld based on the deliberative process privilege, it discovered 214 documents that it contends, for the first time, "are privileged on grounds other than the deliberative process privilege." It revised its privilege log to reflect these new assertions of attorney-client privilege and attorney work product protection. *Id*. at 3. AIG argues that BAAQMD waived these privilege claims by asserting them in late June 2024. *Id*. at 2. It also argues that BAAQMD has not met its burden of sustaining the claims of attorney-client privilege and work product protection. *Id*. at 2-3. BAAQMD argues that the court should not find waiver of the new assertions of attorney-client privilege and work product protection and contends that its privilege log is sufficient. *Id*. at 4-5. BAAQMD also asserted that it was "working to compile a complete list of duplicate copies where attorney privileges were previously asserted" and stated its intention to notify AIG of "any assertions that are being withdrawn" and to identify any duplicate documents for which it previously asserted attorney-client privilege and work product protection by July 1, 2024. *Id*. at 3-4.

3

On July 3, 2024, the court issued an order laying out the applicable federal law regarding the attorney-client privilege and the work product doctrine. The order expressed a lack of confidence "that BAAQMD has properly and narrowly applied the foregoing standards in its privilege review," based on the court's knowledge of BAAQMD's privilege assertions through conducting in camera review. [Docket No. 211 (July 3, 2024 Order) 2-3.] Before analyzing the waiver issue as to the 214 disputed documents, the court ordered BAAQMD to "immediately re-review its claims of privilege and protection over the remaining documents in light of [the July 3, 2024] order," and to produce an amended privilege log by July 8, 2024. The court ordered the parties to then meet and confer and file a joint status report by July 11, 2024. *Id*. at 3-4.

The parties filed a timely joint status report in which they explained that they narrowed their dispute from 214 to 67 documents. Of the 67, BAAQMD contends that "34 are partial (near) duplicates of documents for which [it] previously asserted attorney privileges." The remaining 33 are "documents where no duplicate is alleged." [Docket No. 212 at 2.] AIG responds that the "partial/near duplicate documents appear to differ in significant ways from their alleged duplicate documents" and maintains that BAAQMD waived any privilege or protection over all 67 documents. *Id*.

On August 5, 2024, the court ordered BAAQMD to lodge for in camera review the 34 documents alongside the "partial/near duplicate" documents over which BAAQMD previously asserted the attorney-client and/or work product doctrine (i.e., 34 sets of paired documents). The court ordered BAAQMD to annotate and highlight the documents to clearly note any differences between the paired documents and to submit the relevant excerpts of its privilege log corresponding to its original assertion of attorney client privilege and work product protection. [Docket No. 218.] BAAQMD timely lodged the requested materials. [Docket No. 222.]

II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. Fed. R. Civ. P. 45. The Advisory Committee Notes to Rule 45 state that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules," which in turn is the same as under Rule 26(b). Advisory Committee Notes to 1970 Amendment; Fed. R. Civ. P.

4

34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

"A person commanded to produce documents or tangible things" by a subpoena may serve written objections. Fed. R. Civ. P. 45(d)(2)(B). "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id*. Rule 45 further provides that "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a matter that, without revealing information itself privilege of protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2). The Advisory Committee Notes to Rule 45 explain that the language of this provision "corresponds" to Federal Rule of Civil Procedure 26(b)(5), and that the purpose of the provision "is to provide a party whose discovery is constrained by a claim of privilege or work product protection with information sufficient to evaluate such a claim and resist if it seems unjustified." Advisory Committee Notes to 1991 Amendment; *see* Fed. R. Civ. P. 26(b)(5). "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted).

The Ninth Circuit has held that boilerplate assertions of privilege do not satisfy Rule 26(b)(5)'s notice requirement. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1148-49 (9th Cir. 2005). "The most common way to [comply with Rule 26(b)(5)] is with a privilege log." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 239 (N.D. Cal. 2015); *see Mi Familia Vota v. Fontes*, 344 F.R.D. 496, 514-19 (D. Ariz. 2023) (analyzing adequacy of third

5

party's privilege logs in response to subpoena). Under Ninth Circuit law, a privilege log must contain (a) the privilege asserted, "(b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Apple*, 306 F.R.D. at 238 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)).

Failure to produce a timely privilege log may result in waiver. *See Burlington*, 408 F.3d at 1149. The Ninth Circuit has expressly rejected "a per se rule that failure to produce a privilege log in a timely manner triggers waiver of privileges." *Id*. at 1147. Instead, it instructs courts to make waiver determinations on a "case-by-case determination" and to consider the following factors: 1) "the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged"; 2) "the timeliness of the objection and accompanying information about the withheld documents"; 3) "the magnitude of the document production"; and 4) "other particular circumstances of the litigation that make responding to discovery unusually easy . . . or unusually hard." *Id.* at 1149. The Ninth Circuit has explained that "these factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.* Although waiver is a harsh sanction, courts have not hesitated to find waiver where a party repeatedly engages in inexcusable or unjustifiable conduct. *See id*. at 1149-50 (affirming waiver where the "[privilege] log [was] not only not filed during the Rule 34 time limit, but was filed five months later," there were no mitigating circumstances, the offending party was a sophisticated corporate litigant, and the untimely privilege log was deficient); *Mi Familia Vota*, 344 F.R.D. at 520-31 (finding waiver of claims of First Amendment protection and attorney-client privilege where third party asserted privileges over more than 62,000 documents that it admitted that it had not reviewed and privilege logs did not provide information sufficient to evaluate validity of privilege claims).

**III. DISCUSSION**

As noted, BAAQMD lodged 34 paired documents for in camera review so the court could

1    assess whether the later-identified versions are duplicates of those for which BAAQMD had
2    already asserted privilege.  Of these, BAAQMD no longer claims privilege over Documents 15
3    and 18.  Having reviewed the remaining 32 paired documents, the court finds that 16 are exact or
4    nearly exact duplicates of documents over which BAAQMD previously asserted the attorney-
5    client privilege and work product doctrine: Documents 5-7, 9, 10, 14, 16, 17, 19, 20, 24, 26-28,
6    30, and 32.[1]  Additionally, Documents 4, 8, 11, 12, 22, and 23 consist of portions of longer email
7    threads, where BAAQMD previously asserted the attorney-client privilege and work product
8    doctrine over the longer threads.  The court concludes BAAQMD did not waive its claims of
9    privilege or protection as to these 22 documents.
10       The remaining ten documents are not complete duplicates.  Although they each contain
11   email threads over which BAAQMD previously asserted privilege or protection, they also include
12   additional emails or email headers that were not previously produced as part of the original
13   threads.  These are Documents 1-3, 13, 21, 25, 29, 31, 33, and 34.  The following discussion of
14   waiver applies to the non-duplicative portions of those ten documents, plus the 33 documents that
15   BAAQMD did not contend were duplicates of documents over which it previously claimed
16   privilege or protection—43 documents in total.
17       The parties dispute whether BAAQMD waived its belated assertions of privilege and
18   protection over these remaining documents.  BAAQMD argues that the "harsh sanction of waiver"
19   is not warranted where it "inadvertently failed to include all claims of privilege in its January
20   logs[.]"  Jt. Letter 5.  The parties agree that the *Burlington* test for waiver applies to the dispute.
21   Jt. Letter 2, 4.
22       The first and second factors of the *Burlington* test for waiver examine "the degree to which
23   the objection or assertion of privilege enables the litigant seeking discovery and the court to
24   evaluate whether each of the withheld documents is privileged," and "the timeliness of the
25   objection and accompanying information about the withheld documents."  *Burlington*, 408 F.3d at
26   1149.  Here, AIG served the subpoena on BAAQMD in March 2023 and BAAQMD served

---

28   [1] Any differences in these sets of documents are limited to formatting.  There are no substantive differences between the originals and their near-duplicates.

1 written objections to the subpoena in early April 2023.  BAAQMD states that it "then spent
2 months negotiating with AIG, attempting to limit the scope of" the requests.  Jt. Letter 4.
3 BAAQMD finally produced responsive documents and a privilege log in January 2024 but did not
4 assert privilege or protection over the original group of 67 documents until June 2024, after it was
5 ordered to meet and confer with AIG about the need for revised privilege logs following the
6 court's rulings on the deliberative process privilege and the District's withdrawal of its assertions
7 of law enforcement/official information privilege.  Given this timeline, the first two factors weigh
8 in favor of waiver as BAAQMD's failure to timely claim privilege or protection over the
9 documents hindered AIG's ability "to assess the claim[s]" of privilege or protection.  Fed. R. Civ.
10 P. 26(b)(5); Fed. R. Civ. P. 45(e)(2).

11         The third factor examines "the magnitude of the document production."  *Burlington*, 408
12 F.3d at 1149.  "When evaluating this factor, courts consider the breadth of the discovery request,
13 how many documents the privilege proponent has already produced, and the number of documents
14 subject to the privilege claim."  *Mi Familia Vota*, 344 F.R.D. at 522 (citations omitted).  The
15 parties do not directly address this factor but BAAQMD appears to suggest that the volume of
16 documents weighs against waiver.  *See* Jt. Letter 4 (referring to "voluminous documents").  It
17 states that the parties "spent months negotiating" the scope of the subpoena, that it "diligently
18 worked to review thousands of complex documents on a compressed schedule," and that it
19 "produced approximately 5,000 documents and logged approximately 9,000 privileged
20 documents" by January 2024.  These statements are somewhat conclusory.  BAAQMD does not
21 explain what it means by a "compressed schedule" and offers no details about the purported
22 challenges it faced in responding to the subpoena.  Many documents have been lodged in camera
23 and they do not appear to pose unique challenges for review.  BAAQMD also argues that its
24 original privilege log included almost 4,000 assertions of the attorney-client privilege and over
25 2,600 assertions of attorney work product and that it "inadvertently" failed to include all privilege
26 and protection claims in its January 2024 privilege log.  See Jt. Letter 4-5.  Ultimately, this cuts
27 against BAAQMD's position in light of the court's expressed concern about over-designation that
28 repeatedly has been borne out in this case.  See July 3, 2024 Order 3 (noting that the court lacked

8

confidence that BAAQMD "properly and narrowly applied" applicable attorney-client privilege and work product standards in its privilege review). The vast majority of BAAQMD's original assertions of privilege have been successfully challenged or withdrawn, suggesting that BAAQMD's document review process has been flawed. On the other hand, the number of documents still at issue—43—is a small subset of the overall production of 11,000 documents. *See* Jt. Letter 3; *Mi Familia Vota*, 344 F.R.D. at 522 ("[g]enerally, this factor weighs against waiver when the withheld documents comprise only a small fraction of the overall number of documents at issue."). Considering the number of disputed documents, the absence of details about the challenges of document production, and a record that shows over-designation of privilege rather than careful document review, the court concludes that the third *Burlington* factor weighs somewhat in favor of waiver.

The fourth factor asks the court to consider "other particular circumstances of the litigation that make responding to discovery unusually easy. . . or unusually hard." *Burlington*, 408 F.3d at 1149. The parties do not directly address this factor, although BAAQMD appears to suggest that its status as a third-party weighs against finding waiver. *See* Jt. Letter 5. Notably, however, BAAQMD offers no authority that this is a relevant factor in the *Burlington* waiver analysis. Moreover, AIG responds that it has also sued BAAQMD in state court and propounded requests for production to BAAQMD at the same time it served the subpoena in this case, and that "at the District's insistence—the District's production in this case does 'double duty' as the District's response in the state case." *Id*. at 3. In other words, while BAAQMD is technically a third party in this case, it is a party in parallel litigation with AIG and the discovery at issue plays a role in both cases. Thus, BAAQMD's status as a non-party in this case is entitled to little if any deference. Additionally, the court is mindful that BAAQMD only asserted its privilege and protection claims over this group of documents after losing AIG's challenge to the deliberative process privilege claims. Other courts have described similar newly-asserted claims as "a second bite at the apple." *See, e.g., Gen. Elec. Co. v. Johnson*, No. CIV. 00-2855 (JDB), 2007 WL 433095, at *4 (D.D.C. Feb. 5, 2007) ("EPA's fresh privilege claims follow on the heels of a legal ruling rejecting the other bases for withholding the requested documents. This smacks of an

1 attempt by EPA to get a second bite at the apple by 're-engineering' its privilege log to advance
2 legal arguments that it failed to make at earlier stages of the litigation."). Given the "second-bite"
3 nature of the assertion of privilege over these 43 documents, along with the absence of anything
4 "unusually easy . . . or unusually hard" about responding to discovery in this case, the court
5 concludes that the fourth *Burlington* factor weighs slightly in favor of waiver.

6 Applying the *Burlington* factors "in the context of a holistic reasonableness analysis," the
7 court finds that BAAQMD waived any belated privilege or protection claims over the remaining
8 43 documents. While waiver is a severe outcome, it is warranted by BAAQMD's significant
9 delay in asserting its privilege and protection claims over the documents, the "second-bite" nature
10 of the timing of the assertion, a record suggesting a less-than-careful document review process,
11 and the failure to demonstrate any circumstances or factors weighing against waiver. With respect
12 to Documents 1-3, 13, 21, 25, 29, 31, 33, and 34, BAAQMD's waiver extends only to those
13 portions of the email threads that were not previously produced. In other words, BAAQMD need
14 only produce the emails and/or email headers that were not part of the original threads; it may
15 redact any portion of the original threads that were previously withheld or redacted based on
16 privilege.

### IV. CONCLUSION

For the foregoing reasons, AIG's motion for an order finding BAAQMD's belated privilege and protection assertions waived is granted in part. BAAQMD shall produce the 43 documents for which it waived the attorney-client privilege and work product protection in accordance with this order by no later than August 30, 2024.

**IT IS SO ORDERED.**

Dated: August 23, 2024



Donna M. Ryu
Chief Magistrate Judge