UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHLETICS INVESTMENT GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SCHNITZER STEEL INDUSTRIES, INC.,<br><br>Defendant. | Case No. 21-cv-05246-MMC (DMR)<br><br>**ORDER ON BAAQMD'S MOTION TO RETAIN CONFIDENTIALITY**<br><br>Re: Dkt. No. 219 |

Third party Bay Area Air Quality Management District ("BAAQMD" or the "District") moves to retain confidentiality over 37 documents it designated as confidential under the protective order entered in this case. [Docket No. 219.] Plaintiff Athletics Investment Group, LLC ("AIG") opposes the motion. [Docket No. 227.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

## I.   BACKGROUND

AIG filed this Clean Air Act citizen enforcement suit to challenge Defendant Schnitzer Steel Industries, Inc.'s ("Schnitzer") operations at its metal shredding facility in West Oakland (the "facility").

The parties filed a stipulated protective order, which the court entered on December 21, 2021. [Docket No. 27 ("Protective Order").] The Protective Order permits parties and non-parties to designate certain materials produced during discovery as confidential to prevent their public disclosure and use outside of this litigation but prohibits "[m]ass, indiscriminate, or routinized designations." Protective Order §§ 5.1, 7.1. It states that a party "may challenge a designation of confidentiality at any time" by initiating a dispute resolution process and "providing written notice of each designation it is challenging and describing the basis for each challenge." *Id*. at §§ 6.1,

6.2. The Protective Order also states that if the parties cannot resolve a challenge through the meet and confer process, the designating party must file and serve a motion to retain confidentiality. *Id.* § 6.3. The designating party bears the "burden of persuasion in any such challenge proceeding." *Id*.

In 2023, AIG served a subpoena for documents on BAAQMD, a California state agency that regulates stationary sources of air pollution in San Francisco Bay Area counties. In response, the District produced approximately 5,000 documents. It withheld approximately 9,000 documents based on the deliberative process privilege, among other claims of protection. AIG challenged the District's privilege assertions. Following in camera review of exemplar documents, on May 14, 2024, the court held that the District had improperly claimed privilege over two-thirds of the exemplars submitted for review. [Docket No. 157 (May 14, 2024 Order) 6-10.] The court ordered the District to re-review its withheld documents in accordance with the court's benchmark rulings, and to supplement its production. *Id*. at 15.

On May 28, 2024, with respect to the exemplars over which the District had properly asserted the deliberative process privilege, the court ruled that "AIG's need for disclosure of the documents withheld based on the deliberative process privilege overrides BAAQMD's interest in confidentiality" and thus the deliberative process privilege was overcome. [Docket No. 173 (May 28, 2024 Order) 6.] The court noted that "BAAQMD's concerns about maintaining the confidentiality of [documents withheld based on the deliberative process privilege] will be mitigated by producing them pursuant to the existing protective order. This will control their disclosure, with only the most critical documents likely to become public as trial exhibits." *Id*. at 7. BAAQMD subsequently produced over 7,000 additional documents in compliance with the May 28, 2024 Order. [*See* Docket No. 227-1 (Silva Decl. Aug. 20, 2024) ¶ 31.] It produced documents over which it asserted the deliberative process privilege as "confidential" pursuant to the stipulated protective order. [Docket No. 219-2 (Moore Decl. Aug. 6, 2024) ¶ 4.]

AIG subsequently challenged the District's designation of 41 documents as confidential

1   under the protective order. Moore Decl. ¶ 5, Ex. A.[1] After the parties met and conferred, the

2   District withdrew the confidentiality designation as to four documents, leaving 37 documents in

3   dispute. *See id*. at ¶ 6; Mot. 6. The District then timely filed this motion to retain confidentiality

4   as to the 37 disputed documents. AIG opposes. Schnitzer filed a response in which it claims that

5   ten of the 37 documents "contain information that Schnitzer considers to be confidential business

6   information ('CBI') that should be protected from public disclosure." [Docket No. 223 (Def.'s

7   Resp.) 1.]

## II. LEGAL STANDARD

"As a general rule, the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002)) (internal quotation marks omitted). However, a court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Courts generally make a finding of good cause before issuing a protective order, but need not do so where the parties stipulate to such an order. *In re Roman Catholic Archbishop*, 661 F.3d at 424. If a party challenges whether documents have been properly designated as confidential, the party seeking to maintain confidentiality pursuant to a protective order "has the burden of establishing that there is good cause to continue the protection of the discovery material." *Id.*

Courts perform a two-step analysis when considering whether to maintain protection over documents designated confidential under a protective order. First, the court "must determine whether 'particularized harm will result from disclosure of information to the public.'" *Id*. at 424

---

[1] AIG and BAAQMD are parties in a parallel state case in which AIG alleges "that the Air District failed to perform mandatory duties when it renewed Schnitzer's permit to operate notwithstanding Schnitzer's violations of Air District rules," among other allegations. Opp'n 4 & n.9. This dispute is related to the state case as follows: despite a previous purported representation that it would "produce a single set of responsive documents" in both actions, the District now "takes the position that all documents that it produced in response to this Court's May 14 and May 28 Orders have been produced in this case only and are unavailable for AIG to use in [the] pending state-court case." Silva Decl. ¶¶ 28, 31. The parties are currently litigating in state court their dispute about whether the District agreed to make one production for use in both cases. They agree that the outcome of that dispute does not bear on this motion. *See* Reply 11.

3

1  (quoting *Phillips*, 307 F.3d at 1211). "[I]f the court concludes that such harm will result from

2  disclosure of the discovery documents," then at the second step it "proceed[s] to balance the public

3  and private interests to decide whether [maintaining] a protective order is necessary." *Id*. (quoting

4  *Phillips*, 307 F.3d at 122). In balancing the public and private interests at the second step, courts

5  consider the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

11 *Id.* at 424 & n.5 (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)) (the

12 "*Glenmede* factors").

### III.  DISCUSSION

14  As the party seeking to maintain confidentiality of the documents it designated as

15 confidential under the protective order, the District bears the burden to "establish[ ] that there is

16 good cause to continue the protection of the discovery material." *In re Roman Catholic*

17 *Archbishop*, 661 F.3d at 424; Protective Order § 6.3. Notably, the District does not discuss the

18 applicable legal standard nor does it cite Ninth Circuit authority regarding the protection of

19 information that is presumptively public. Instead, it discusses the deliberative process privilege,

20 Mot. 12, and appears to make the following argument. According to the District, the court held

21 that the privilege properly had been asserted over certain BAAQMD documents, but was

22 overridden by AIG's need for the information. In so holding, the court noted that "a protective

23 order is already in place and will mitigate the District's concerns" about its ability to engage in

24 candid discussions in the future "by controlling the breadth of disclosure" and that its "concerns

25 about maintaining the confidentiality of the withheld documents will be mitigated by producing

26 them pursuant to the existing protective order." *See* May 28, 2024 Order 7. Thus, the District

27 argues, the court "emphasized the importance of confidentiality protection" in concluding that the

28 privilege was overridden. Mot. 13.

4

The premise of the District's argument is faulty. The question of whether BAAQMD documents qualify as confidential under the protective order was not before the court when it issued the May 28, 2024 Order. In fact, the District concedes that only two of the 37 documents at issue in this motion are even covered by that order. *See* Mot. 15. The May 28, 2024 Order simply recognized that BAAQMD is entitled to invoke the protections of the protective order. Designating a document as confidential does not mean it is entitled to protection; if challenged, the designating party must establish that a document should retain its confidentiality. *See* Protective Order § 6.3.[2] Accordingly, the court will analyze the motion under the two-step framework from *In re Roman Catholic Archbishop*.

At the first step, the District must identify the specific prejudice or harm that will result from disclosure "for each particular document it seeks to protect." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop*, 661 F.3d at 424 (quotation marks and citation omitted). "Rather, the person seeking protection from disclosure must allege specific prejudice or harm." *Id.* (quotation marks and citation omitted). The District did not file any supporting declarations addressing the specific prejudice or harm that will result from disclosure and does not address the documents individually. Instead, it argues broadly that "[e]liminating confidentiality protection for the subject documents—allowing them to be made public—would potentially allow other regulated entities to gain access to the Air District's decision-making process" and that "[t]he Air District would be reluctant to have candid and open discussions regarding its regulatory functions if it knew that its communications could be made public and accessible by regulated entities." Mot. 12.

---

[2] The District also argues that the rationale underlying the deliberative process privilege supports a finding that the documents it designated as privileged should remain confidential under the protective order. Mot. 13. The court disagrees. The District's argument presumes that all documents for which it claims the deliberative process privilege actually qualify for protection. That presumption is unjustified based on the record in this case. The Ninth Circuit has "defined the ambit of the deliberative process privilege . . . narrowly," *Sierra Club, Inc. v. United States Fish & Wildlife Serv.*, 925 F.3d 1000, 1011 (9th Cir. 2019), and the court previously expressed concerns about BAAQMD's "over-designation" and its "flawed" document review process. [*See* Docket No. 228 (Aug. 23, 2024 Order 8-9.] Indeed, the court ultimately found that the District had established the privilege as to only one-third of the exemplars submitted for in camera review.

In its reply, the District cites a declaration by Carol Allen that it previously had submitted in support of its invocation of the deliberative process privilege. *See* Reply 6. Allen states, without elaboration, that disclosure of documents containing "the mental processes, opinions, recommendations, and/or advice of Air District employees with respect to the Air District's regularly and enforcement policy towards the Facility . . . could undermine the Air District's ability to engage in candid discussions in the future." Allen Decl. ¶ 11. The court previously held that Allen's statement was "too vague and generalized to defeat a finding that the [deliberative process] privilege" should be overridden in this case. May 28, 2024 Order 6. Having re-reviewed Allen's declaration, the court finds that it is also too vague and generalized to satisfy the District's burden at step one to show good cause under *In re Roman Catholic Archbishop*.

As the District did not demonstrate "particularized harm" that would result from disclosure of the documents to the public, the court need not proceed to the second step of the *In re Roman Catholic Archbishop* inquiry. *See id*. at 424. Nevertheless, the court notes that many of the *Glenmede* factors support public disclosure. The District is a public agency tasked with regulating air pollution, an unquestionably important public issue that bears on health and safety. The information is being sought for a legitimate purpose, including use in collateral litigation. *See, e.g., Foltz*, 331 F.3d at 1131 ("[t]his court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery").

Accordingly, BAAQMD's motion to retain confidentiality of the 37 documents at issue is denied.

As noted, Schnitzer asserts that ten of the 37 documents "contain information that Schnitzer considers to be confidential business information ('CBI') that should be protected from public disclosure." It states, "[i]f the Court denies the District's Motion, Schnitzer respectfully requests that the protected information in these documents be redacted before the documents can be filed publicly." Def.'s Resp. 1. The precise relief that Schnitzer seeks is not clear. To the extent it wants to designate information within the 37 documents as confidential, it does not cite a

6

1  provision in the protective order that permits it to do so.  In conjunction with its opposition brief,

2  AIG filed administrative motions to seal materials that had been designated as confidential by both

3  the District and Schnitzer.  [Docket Nos. 225 (Mot. to Seal materials designated confidential by

4  Schnitzer), 226 (Mot. to Seal materials designated confidential by BAAQMD).]  It is not clear

5  whether Schnitzer's request overlaps with AIG's administrative motion to seal.  Accordingly,

6  AIG, Schnitzer, and the District shall immediately meet and confer regarding Schnitzer's request

7  along with the pending administrative motions to seal in light of the court's ruling on this motion.

8  To efficiently address these outstanding issues, the parties shall jointly file an omnibus proposed

9  order encompassing the motions to seal by November 22, 2024.[3]

## IV. CONCLUSION

For the foregoing reasons, BAAQMD's motion to retain confidentiality is denied.

**IT IS SO ORDERED.**

Dated: November 4, 2024



Donna M. Ryu
Chief Magistrate Judge

---

[3] In its opposition, AIG asks the court to deny the District's motion and to order the District to "review its production and de-designate accordingly consistent with the court's order," using the court's ruling on this motion as a benchmark.  Opp'n 15-16.  The court declines AIG's request.  It assumes that the 37 documents at issue in the order was the product of a thorough meet and confer process between the parties as required by this court's standing order.